# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

      Plaintiff,

    v.                                   Civ. No. 18-1229 SCY/KK

ESTATE OF STEVEN GERECKE,

      Defendant.

## ORDER REGARDING JOINT MOTION TO SEAL

THIS MATTER is before the Court on the parties' Joint Motion to Seal the Parties' Cross-Motions for Summary Judgment (Doc. 30), filed February 7, 2020. The Court, having reviewed the Joint Motion, the record, and the relevant law, and being otherwise fully advised, FINDS that the motion should be GRANTED IN PART and DENIED IN PART as follows.

In their Joint Motion, the parties ask the Court to seal their cross-motions for summary judgment because these motions will include "the names of, and various statements made by, the participants in the incident underlying this matter," and these participants were all "juveniles at the pertinent time." (*Id.* at 1.) The parties add that the participants' statements "were made to the police in the course of its investigation." (*Id.*)

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access . . . particularly . . . where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citations and quotation marks omitted).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden

is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citations and quotation marks omitted).

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).[1] The district court must also "consider whether selectively redacting just the . . . sensitive, and previously undisclosed, information from the sealed . . . documents and then unsealing the rest" would adequately protect the privacy interests of the party seeking to seal court documents. *Pickard*, 733 F.3d at 1304. The fact that information has "already been made public" will undermine a party's privacy concerns. *Id.* at 1305 (citing *Mann*, 477 F.3d at 1149). Consistent with the foregoing, Federal Rule of Civil Procedure 5.2 provides that, in general, federal court filings containing "the name of an individual known to be a minor . . . may include only . . . the minor's initials," but does not provide for such redacted filings to be kept under seal. Fed. R. Civ. P. 5.2(a)(3).

The parties' Joint Motion provides the Court with insufficient information to justify sealing their cross-motions for summary judgment wholly and indefinitely. *If* any of the participants in the incident at issue are still minors, and *if* these minors' names have not already been publicly disclosed in police reports or otherwise, then under Rule 5.2, publicly filed documents should refer to them only by their initials. Fed. R. Civ. P. 5.2(a)(3). In that event, it would be appropriate for

---

[1] In the Tenth Circuit, unpublished decisions are not binding precedent but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

the parties to file redacted versions of their summary judgment motions that are publicly accessible and unredacted versions under seal. However, the parties' Joint Motion establishes neither that any of the participants are still minors nor that their identities remain publicly undisclosed. Nor does the Joint Motion indicate that the parties' cross-motions contain any other information sufficiently sensitive or private to justify restricting the public's access to it. The Court will therefore deny the parties' Joint Motion insofar as it asks the Court to seal their summary judgment motions wholly and indefinitely.

However, the Court will grant the Joint Motion to the extent that it will allow the parties to file their summary judgment motions under seal temporarily, pending the filing of an amended motion to seal in which they may seek the Court's leave to file redacted versions of their summary judgment motions that are accessible to the public and unredacted versions under seal. Should the parties elect to proceed in this manner, they should be mindful of the strong presumption in favor of public access to judicial records and should only seek leave to redact information if it is restricted under Rule 5.2 or they can demonstrate a significant interest in keeping it confidential.

IT IS THEREFORE ORDERED that the parties' Joint Motion to Seal the Parties' Cross-Motions for Summary Judgment (Doc. 30) is DENIED insofar as it asks the Court to seal their cross-motions for summary judgment wholly and indefinitely. However, the motion is GRANTED to the extent that the parties may file their cross-motions for summary judgment under seal temporarily, pending the filing of an amended motion to seal **within five (5) days of entry of this Order**. If an amended motion to seal is timely filed, the parties' summary judgment motions shall remain under seal pending the Court's resolution of the amended motion to seal. If no amended motion to seal is timely filed, the Court will enter an order unsealing the summary judgment motions.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE