IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Plaintiff,

      v.                                                    Civ. No. 18-1229 SCY/KK

ESTATE OF STEVEN GERECKE,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO STAY

This case stems from the homicide of Steven Gerecke. On June 26, 2015, Mr. Gerecke was found lying in his driveway with multiple gunshot wounds. Witnesses heard gunshots and observed multiple male subjects run and get in an SUV, which had a driver waiting, and leave the area. The Estate of Steven Gerecke brought suit in state court, alleging that two individuals went on a crime spree "traveling from house to house, in uninsured vehicles and using the vehicles as active accessories in committing their crimes to transport themselves and to make their getaways from each crime scene." Doc. 40-1 ¶ 5 (state-court complaint). The Estate further alleged that the individuals "encountered Mr. Gerecke at his home, shot him, and fled the scene in an uninsured motor vehicle." *Id.* ¶ 6. Mr. Gerecke had uninsured motorist ("UM") coverage with State Farm and, in the state-court action, the Estate brought suit against State Farm for UM benefits, insurance bad faith, and violations of the New Mexico Insurance Code, as well a claim against the shooter and his accomplice for wrongful death and property damage. Doc. 40-1.

State Farm brings the present federal case for declaratory judgment to determine whether it owes the Estate UM benefits. Doc. 1. The defendant in this action is the Estate of Mr. Gerecke

and the plaintiff is State Farm, who issued uninsured motorist vehicle policies on which the Estate is trying to collect. In the Motion currently before the Court, Defendant Estate requests that the Court stay the federal declaratory judgment action pending the outcome of the state-court case. Because this lawsuit precisely duplicates an issue of state law that the state court will address in the underlying lawsuit, the Court[1] exercises its discretion not to rule on the request for a declaratory judgment.

## BACKGROUND

Plaintiff State Farm Mutual Automobile Insurance Company filed this declaratory judgment action in federal court on December 28, 2018 after receiving a demand from the Estate "that State Farm tender the uninsured motorist policy limits under the Gerecke household policies issued by State Farm." Doc. 1 ¶ 10. With this lawsuit, State Farm requests that this Court "enter a declaratory judgment declaring that the subject State Farm policies do not provide uninsured/underinsured motorist coverage to the Estate of Steven Gerecke for Mr. Gerecke's death." *Id.* at 4.

Soon thereafter, on January 28, 2019, Arron Garrett, as personal representative of the Estate of Steven Gerecke, filed in state court a "Petition for Appointment of Personal Representative to Pursue Wrongful Death Claim in Accordance with NMSA 1978 § 41-2-1 et seq." *Garrett v. King*, D-101-CV-2019-00201 (N.M. First Jud. Dist. Ct. filed Jan. 28, 2019). On January 30, 2019 the state court appointed Mr. Garrett the personal representative of the Wrongful Death Estate of Steven Gerecke. Order Appointing Personal Representative for Wrongful Death Estate of Steven P. Gerecke, *Garrett v. King*, D-101-CV-2019-00201 (N.M.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 34, 35, 36.

First Jud. Dist. Ct. filed Jan. 30, 2019). Mr. Garrett then filed a Complaint for Money Damages against individual defendants Jeremiah King and Christopher Rodriguez, and against State Farm Mutual Automobile Insurance Company. Doc. 40-1. The state-court complaint brings four counts: (1) claim for insurance benefits against Defendant State Farm; (2) bad faith breach of insurance contract against Defendant State Farm; (3) violations of the New Mexico Insurance Code against Defendant State Farm; and (4) claim for wrongful death and property damage against Defendants King and Rodriguez. *Id*.

On April 10, 2019, shortly after Defendant State Farm entered the state-court case and filed its answer, it filed a Motion to Stay arguing that the state-court case should be stayed pending the outcome of the declaratory judgment action pending in federal court. Motion to Stay Proceedings, *Garrett v. King*, D-101-CV-2019-00201 (N.M. First Jud. Dist. Ct. filed Apr. 10, 2019). Nothing further happened in the state-court case until Plaintiff filed a response to the Motion to Stay on March 3, 2020. Plaintiff's Response to Motion to Stay Proceedings, *Garrett v. King*, D-101-CV-2019-00201 (N.M. First Jud. Dist. Ct. filed Mar. 3, 2020). The state court has not yet ruled on that Motion, but has set a hearing for June 24, 2020. Notice of Hearing, *Garrett v. King*, D-101-CV-2019-00201 (N.M. First Jud. Dist. Ct. filed Apr. 21, 2020).

Meanwhile, the declaratory judgment action in this court has proceeded. Defendant Estate filed its answer on April 9, 2019, Doc. 8, and Judge Khalsa held a scheduling conference on June 3, 2019, Doc. 22. Judge Khalsa set case management deadlines, Doc. 23, which she extended once at the parties' joint request, Docs. 27, 28. The parties engaged in discovery, Docs. 20, 21, 25, 29, and on February 10, 2020, the deadline to file dispositive motions, Plaintiff State Farm filed a Motion for Summary Judgment, Doc. 32. At the same time Defendant Estate filed its response to the Motion for Summary Judgment, it filed the present Motion to Stay, seeking to

stay the federal declaratory judgment action pending the outcome of the state-court case. Docs. 39, 40.

## DISCUSSION

Under 28 U.S.C. § 2201, the Court has discretion over whether to hear a declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995) (the statute "vest[s] district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp"); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) ("The Supreme Court as long made clear that the Declaratory Judgment Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.").

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). The district court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989). In *State Farm Fire & Casualty Co. v. Mhoon*, the Tenth Circuit set forth a number of factors to consider when making this determination:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

31 F.3d at 983 (alterations in original; block quotation omitted). The touchstone of the inquiry is "whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding." *Wilton*, 515 U.S. at 283.

The Count finds that these factors weigh in favor of Defendant Estate in this case and that the state court will provide a satisfactory adjudication of this controversy.

      1.      <u>Whether a declaratory judgment would settle the controversy</u>

In the state-court case, the Estate brings a claim for UM insurance benefits against State Farm, which is the same dispute that State Farm seeks to resolve in the federal declaratory judgment action. State Farm therefore argues against a stay because "[t]he parties in the two lawsuits, other than the state court defendant-tortfeasors, are identical, and the coverage issue is the same." Doc. 43 at 5. Indeed, the state-court UM claim would be settled by a ruling in the federal declaratory judgment case. In the state-court case, the Estate also brings extra-contractual claims against State Farm for insurance bad faith and violation of the New Mexico Insurance Code. The federal declaratory judgment action may settle some of the extra-contractual claims. For example, the Estate alleges that State Farm acted in bad faith and violated the New Mexico Insurance Code by failing to offer to pay a reasonable sum to settle the Estate's UM claim and compelling the Estate to institute litigation to recover amounts due under the policy. Doc. 40-1 ¶¶ 19, 22. If this Court rules that the Estate is not entitled to UM coverage under the State Farm policy, it likely follows that State Farm did not act in bad faith by failing to settle. If the Court were to find the Estate entitled to UM coverage, however, this bad faith claim would remain. Therefore, a ruling in this declaratory judgment action would not necessarily resolve the bad faith failure-to-settle claim.

Moreover, in the state-court case, the Estate also alleges that State Farm violated the New Mexico Insurance Code by failing to promptly provide its insured with a reasonable explanation

5

of the basis relied on in the policy for denial of the claim. Doc. 40-1 ¶ 22. This extra-contractual claim will not be settled by a ruling made in the federal declaratory judgment action on whether the Estate is entitled to UM coverage. *See Haygood v. United Servs. Auto. Ass'n*, 2019-NMCA-074, ¶ 20, 453 P.3d 1235 ("[B]ad faith claims may be based on conduct other than a refusal to pay."). On the other hand, the only claim State Farm brings in the federal declaratory judgment action involves whether the Estate is entitled to UM insurance benefits. This claim squarely overlaps with a claim in the state-court case and would be resolved by a resolution of the state-court case.

Because the pending state-court action involves claims between the Estate and State Farm beyond the UM claim raised in the federal declaratory judgment action, the declaratory judgment action will not settle the controversy between the parties. Ruling on a declaratory judgment that relates to only part of the dispute between the parties would be inefficient. *See Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1226 (D.N.M. 2015) (issuing a declaratory judgment on coverage would not settle the issues where "the parties must also resolve the [insureds]' unfair practices claims"). Additionally, because the state-court action involves the individual tortfeasors, "that suit is more comprehensive than its present counterpart, and lends itself to a more efficient resolution of all claims and issues arising from a common core of relevant facts." *State Farm Ins. Co. v. Jimenez*, No. 11-cv-1122 BRB/SMV, 2012 WL 13013133, at *2 (D.N.M. Mar. 6, 2012). Accordingly, factor one weighs in favor of this Court declining jurisdiction over the declaratory judgment action.

2.  Whether a declaratory action would serve a useful purpose

It is undisputed that the state-court case involves all the issues and all the parties that are before this Court. Issuing a declaratory judgment on the same issues pending before another court is not a useful purpose under the Act. *See St. Paul Fire & Marine Ins. Co. v. Runyon*, 53

6

F.3d 1167, 1169 (10th Cir. 1995) ("Because the state court will determine, under state contract law, whether the tort action is covered by the insurance contract, it is not necessary for the federal court to issue a declaration on the insurance contract.").

      3.     <u>Procedural fencing</u>

The third factor inquires whether the declaratory judgment action is being used for the purpose of procedural fencing, or to provide an "arena for a race to *res judicata*." *Mhoon*, 31 F.3d at 983. The Estate argues that this factor weighs in its favor because "State Farm could have dismissed the present suit and simply proceeded in the state court case to have its rights and interests declared." Doc. 40 at 7. However, by this same logic, the Estate could have simply proceeded against State Farm in the first-filed federal action by filing a counterclaim, instead of filing the state-court action against State Farm.

Given that State Farm filed the declaratory judgment action first, on December 28, 2018., the Court is more inclined to find that the Estate is attempting to engage in procedural fencing. The Estate did not file the state-court action until January 30, 2019. And, once it did, other than having a personal representative appointed, the Estate then did nothing in that case for almost a year. In fact, to date, the only substantive action in the state-court case is State Farm's motion to stay the case. Meanwhile, the declaratory judgment case in this Court has proceeded through discovery to dispositive motions.

State Farm alleges that the parties agreed to work out a set of stipulated facts and file cross-motions for summary judgment in the federal case to resolve the coverage issue. *See* Doc. 43-1 at 4-6 (correspondence between Plaintiff's counsel and defense counsel discussing stipulating to facts). Indeed, in anticipation of a settlement conference, the Estate's counsel sent a letter to the Court advising it that "counsel for Defendant and counsel [for] Plaintiff have conferred and the parties mutually agree that they would be most productive by submitting an

7

operative set of stipulated facts and pursuing individual motions for summary judgment." *Id.* at 7. State Farm offered a set of facts, but it appears that the Estate never stipulated to those facts. *Id.* at 8-14. State Farm then filed its Motion for Summary Judgment. The Estate never filed a cross-motion, but instead filed a response to State Farm's Motion and the present Motion to Stay. It appears that the Estate, after proceeding with the federal case for over a year, has now decided that the neglected state-court case is the case it wants to pursue to a final decision. Thus, this factor weighs in favor of State Farm.

      4.      <u>Friction between federal and state courts</u>

There are no federal issues or interests in the case before this Court. *See* Doc. 19 at 2 (joint status report in which the parties stipulate that this case is governed by New Mexico substantive law). Instead, the parties dispute whether the Estate is entitled to UM benefits under New Mexico law, and specifically under the test set forth in *Britt v. Phoenix Indemnity Insurance Co.*, 1995-NMSC-075, ¶ 15, 907 P.2d 994. *See* Doc. 1 (Complaint); Doc. 32 (Motion for Summary Judgment); Doc. 39 (response to Motion for Summary Judgment). The Court finds that, under these circumstances, proceeding in this declaratory judgment suit would likely lead to friction between federal and state courts. *Brillhart*, 316 U.S. at 495 ("[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, *not governed by federal law*, between the same parties.") (emphasis added).

In addition, the state law at issue is not well settled. This Court just issued an opinion on whether New Mexico UM law focuses on the status of the vehicle (as an uninsured motor vehicle) or the driver (an uninsured motorist), and concluded that the answer is unclear. *Ammons v. Sentry Ins. Co.*, No. 19-cv-419 SCY/JHR, 2019 WL 7372917, at *6-10 (D.N.M. Dec. 31, 2019). The presence of unsettled issues of state law, that are also pending before a state court,

constitutes good grounds to defer to adjudication by the state court. *Nationwide Mut. Ins. Co.*, 148 F. Supp. 3d at 1229.

     5.    <u>Alternative remedy that is better or more effective</u>

The application of the factors above indicates that the existing state-court case is both a better and more effective remedy than this declaratory judgment action. While the Court understands State Farm's desire to remain in federal court given that the federal-court case has progressed to dispositive motions and the state-court case is still in its early proceedings, on balance, the factors weigh in favor of staying the federal-court case. The state court is in a better position to address the entire controversy between the parties and resolve this state law issue.

Further, the Court does not believe that all the effort made in the federal case is lost. Undoubtedly, much of the discovery completed in the federal case will carry over to the state case. Likewise, State Farm can file a motion for summary judgment in state court that is based on the one filed in federal court.

## **CONCLUSION**

Weighing the *Mhoon* factors, the Court concludes that it will not exercise its discretion to issue a declaratory judgment under the present circumstances. Accordingly, Defendant's Motion to Stay Plaintiff's Declaratory Judgment Action (Doc. 40) is **GRANTED**. This matter is stayed pending resolution of the insurance claim against State Farm in the state-court case.

The parties shall file a notice when the insurance claim against State Farm is resolved in the state-court case. The parties shall also file status reports on the state proceeding every six months. The first status report is due November 12, 2020.

/

/

/

Finally, because the Court is staying this matter, it also **DENIES WITHOUT PREJUDICE** State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment (Doc. 32).

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent